Taylor v. The State.

Filed June 16, 1887.

———◆———

No. 13,827.

TAYLOR v. THE STATE.

CRIMINAL LAW.—*Rape.—Penetration.*—Under the statute, section 1806, R. S. 1881, the slightest penetration, the other elements of the crime being present, is sufficient to constitute rape.

SAME.—*Circumstantial Evidence.*—Penetration, like any other element of crime, may be established by circumstantial evidence.

From the Knox Circuit Court.

*W. A. Cullop* and *G. W. Shaw,* for appellant.

*L. T. Michener,* Attorney General, *J. C. Adams,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

ELLIOTT, J.—The appellant was convicted of the crime of rape upon the person of Jane Taylor, a child nine years of age. It is contended by his counsel that the verdict is not supported because there is no evidence of penetration.

Our statute provides that " In prosecutions for the offence of rape, proof of penetration shall be sufficient evidence of the commission of the offence." R. S. 1881, section 1806.. Under this statute, however it may have been at common law, the slightest penetration of the genital organ of the male into that of the female is sufficient, the other elements of the crime being present, to establish guilt. *Brauer* v. *State,* 25 Wis. 413; *State* v. *Tarr,* 28 Iowa, 397; Bishop Statutory Crimes, section 488.

The rule prescribed by our statute is a sound one, and its efficiency should not be impaired by limiting its scope and effect. There was much reason for the censure so often passed upon the rule declared by some of the common law judges. In commenting upon some of the later cases the authors of a recent work on medical jurisprudence justly say : " In our opinion this is not only good law, but common sense. That a scoundrel who attempts the chastity of a child or a young girl should escape punishment merely because her youth, or the imperfect development or narrowness of the parts prevent his fully consummating the crime,. appears to us as undesirable as it would be unjust." Woodman & Tidy Forensic Medicine and Toxicology, 640.

" The jury," says Mr. Bishop, " may infer the penetration. from circumstances, without direct proof." Bishop Statutory Crimes, section 488. Discussing the same question, the Supreme Court of Iowa said : " Nor is the prosecution bound. to show the fact of actual penetration by the prosecutrix herself." *State* v. *Tarr, supra.*

But it is unnecessary to multiply authorities, for it is clear,. upon principle, that penetration, like any other element of crime, may be established by circumstantial evidence. In. this case the circumstances prove the fact beyond doubt. The intent of the accused is fully proved, and his acts show that he did all in his power to accomplish his wicked design. That the act was not fully consummated was, it is clearly inferable, owing to the tender age of the victim of his lust.

She was in his power, he was in a situation to do all that the structure of the organs of the child would permit him to do, and he did injure her genital organs. There is no reason to doubt that this injury was done by his attempt to force his virile member into her person, and if it penetrated to the slightest depth he is guilty, and was justly condemned. *Reg.* v. *Hughes*, 9 Carr. & P. 752.

We do not deem it either necessary or proper to rehearse the evidence, for it is of a character not to be repeated except upon the demand of an imperious necessity, and no such necessity exists in this instance.

Judgment affirmed.

