ESPENLAUB *v*. STATE OF INDIANA.

[No. 26,562. Filed July 3, 1936. Rehearing denied January 12, 1937.]

*Philip C. Gould, Daniel H. Ortmeyer, Barnes & Johnson* and *Clyde H. James,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Caleb J. Lindsey,* Assistant Attorney-General, for the State.

ROLL, J.—The appellant was charged by indictment with the offense of first degree rape. To this charge he entered a plea of not guilty. Trial was had and a verdict returned finding appellant guilty of assault and battery with intent to commit a felony, to wit, rape. Over a motion for a new trial, the court rendered judgment on the verdict, from which this appeal is prosecuted.

The only error assigned by appellant is the overruling of his motion for a new trial.

Appellant's first contention under his motion for a new trial is that the verdict of the jury is contrary to law and that the verdict of the jury is not sustained by sufficient evidence.

The record discloses that appellant was a physician, practicing his profession in the city of Evansville, Indiana, and that Viola Kern, the prosecuting witness came to appellant's office in the afternoon of September 29th, 1934, to see the doctor about what she thought was kidney trouble; that she was admitted to appellant's private office and, after some conversation, appellant told her that he would have to make an examination of her private organs and ask her to retire to the rear room, which was used for minor surgical operations, and remove her underclothing, and lie down on the table for examination. Mrs. Kern went to the rear room, and after removing some of her underclothing, lay down on the table. Appellant then came in and adjusted her feet in stirrups, that were fastened to the side of the table and it was while she was lying in this position that she claimed appellant committed the crime of rape upon her. She and appellant were alone in the room at the time, and were the only witnesses that testified as to what occurred there. The prosecuting witness testified directly that appellant

committed the crime of rape upon her and if the jury believed her story as to what took place while she was lying on the table in his office they could not have done otherwise than find appellant guilty; for she testified to every element constituting the crime of rape. Appellant testified to a different story. Their evidence is conflicting, but we are in no position to weigh the evidence. That was the province of the jury.

Where there is substantial evidence on every material element constituting the crime charged, this court will not disturb the verdict for insufficient evidence. This rule has been stated and restated so often that citation of authority is unnecessary. We hold that the verdict is sustained by sufficient evidence.

At the trial appellant contended that Viola Kern came to his office on September 29, 1934. That she told him that she has recently been married, and that she was afraid she might be pregnant. Mrs. Kern denied this and in defense, appellant offered in evidence defendant's Exhibit No. 9, which is as follows:

"Protestant Deaconess Hospital, 604 Mary Street, Evansville, Indiana, date November 3, 1934, name Mrs. George Kern (Viola), Room 201, Case No. 47915, address 207 Elm Street, Doctor, Doctor Combs, operation 11-3-34, diagnosis incomplete miscarriage, patient came to hospital for curettage, uterus curetted and a small erosion of cervix which was cauterized."

Appellant contends that this evidence was competent and material, and should have been admitted for two reasons; first, it was competent as tending to discredit the testimony of Viola Kerns, and, second, that it tended to support and corroborate the testimony of appellant. It is true that evidence tending to discredit the testimony of the prosecuting witness, or tending to support and corroborate the testimony of defendant is material, and should have been admitted unless objectionable for

the reasons urged by appellee. Appellee objected to the introduction of exhibit No. 9 on the theory that it is hearsay and privileged. The nurse who made the hospital record sought to be introduced (exhibit No. 9) testified that she received the information contained in exhibit No. 9 from the attending physician. That the attending physician orally dictated it to the nurse, and she took it down in shorthand and afterwards transcribed it in longhand and placed it in the files of the hospital. That she had no personal knowledge of the facts herself. The exhibit shows that Dr. H. T. Combs administered ether, and the record shows that Dr. McClary was the attending physician. It will also be noted that the prosecuting witness, Viola Kern, gave her consent to have Drs. Combs and McClary to testify as to her condition and as to her operation on November 3, 1934, at the Deaconess Hospital, and any and all information they obtained as to her condition by reason of their relation as physician and patient. Appellant did not avail himself of this privilege and did not place the physicians on the stand to testify. That exhibit No. 9 is hearsay testimony there can be no doubt. *Delaney* v. *Framingham Gas, Fuel & Power Co.* (1909), 202 Mass. 359, 367, 88 N. E. 773, where it is said:

"In the present case the records were produced by the witness Gabagan. It appeared that the records were made by her, and that she was the proper custodian of them. But it further appeared that she never had any personal knowledge of the facts stated therein; that she received slips of paper from Dr. Painter, the physician, and copied them into the record, and that was all she knew about them. The record was offered as evidence to show that the statements therein made were true. As handed to the witness by the physician they were simply statements of the physician as to what the patient had said to him, or as to the diagnosis made by the physician. The records were comparatively recent. It was not shown that the physician was

not living and within the jurisdiction of the court. No necessity was shown therefore for the introduction of this hearsay testimony. For aught that appeared there was better evidence. Under these circumstances the reason upon which the general rule was based, namely, that the record should be a record of facts of which the writer had personal knowledge, should be applied. The case is not within the above-mentioned exception to the general rule."

See also *Griebel* v. *Brooklyn Heights R. Co.* (1904), 95 App. Div. 214, 88 N. Y. S. 767, affirmed (1906), 184 N. Y. 528, 76 N. E. 1096.

It would be difficult to see how appellant could be injured by the rejection of exhibit No. 9, when the doctors who were present and attended Viola Kern and who knew the actual facts which he was seeking to present to the jury were available and as far as the record discloses were ready and willing to testify to the facts. This would be the best evidence and there was no reversible error in excluding appellant's exhibit No. 9.

Appellant, in his motion for a new trial, predicates error upon the overruling of objections to questions asked appellant while testifying concerning his practice at the two hospitals in Evansville, and whether or not he was denied the privilege of taking patients there, and whether he was not called before the executive committee of the staff of the Deaconess Hospital on a charge of immoral conduct with a student nurse. Appellant sets out in full the cross-examination of appellant upon this subject and we find from reading this examination that the court sustained objections to all the questions that were questionable. The other questions appellant answered in the negative and we cannot see how appellant was in any way harmed by such questions. However we think the questions proper as affecting his credibility as a witness. See *Shears* v. *State* (1897), 147 Ind. 51, 46 N. E.

331. Many other objections are made to the admission and rejection of evidence. We have examined all of them and we are of the opinion no reversible error was committed in the reception and rejection of evidence.

Appellant questions the court's instruction No. 6, which reads as follows:

> "In all prosecutions for rape a statute of ■ Indiana applies which reads as follows:
> 'In prosecutions for rape proof of penetration shall be sufficient evidence of the commission of the offense.'
> And in this connection you are instructed that the slightest penetration only need be proved."

Appellant contends that the statute above quoted is unconstitutional in that it violates sec. 1 of the 14th amendment of the Constitution of the United States which provides that no state shall deprive any person of life, liberty or property without due process of law. That said statute is unreasonable and arbitrary by providing that proof of one fact, namely, penetration, shall constitute sufficient evidence of the ultimate fact in issue, namely, commission of the crime of rape.

It will be noted that the court's instruction No. 1 set out the indictment against appellant. Instruction No. 2 set out the statute defining the crime of rape. Instructions No. 3, 4 and 5 told the jury that the indictment herein embraced the crime of attempted rape, the crime of assault and battery with the intent to commit a felony, and assault and battery, and the statutes defining those included offenses were set out in the instructions. Then followed No. 6, as above set out. The statute set out in instruction No. 6 relates to evidence, and tells the jury what proof is necessary upon a particular point. The court by this instruction was attempting to distinguish the crime rape from that of assault and battery with intent to commit rape, and tells them that to constitute the crime of rape, penetration must be

proven; but however it is not necessary that the state prove a completed act of sexual intercourse. Proof of penetration, even though slight, would be sufficient to establish the distinction. When instruction No. 6 is read in conjunction with the previous instructions the meaning is clear and correctly states the law as it has been decided by this court on several different occasions. *Taylor* v. *State* (1887), 111 Ind. 279, 12 N. E. 400, where it was said, after quoting the statute as above set out, "The rule prescribed by our statute is a sound one, and its efficiency should not be impaired by limiting its scope and effect."

Appellant questions instruction No. 18, which reads as follows:

> "You are instructed that while it is the law that a woman assaulted with intent to commit a rape upon her, is required to use all means within her power to resist, she is only required to do what is necessary to do under the attendant circumstances. Yet if the sexual act had been accomplished or penetration takes place before the woman has knowledge of the intention of the man to commit the sexual act upon her, and that the commission of said act was accomplished without her consent and against her will, the crime of rape would be complete although there was no physical resistance on the part of the woman."

Appellant contends that the instruction is not applicable to the facts, that there is no evidence in the record that the alleged act was accomplished without her consent, and against her will. We are unable to understand why appellant in his brief should make this assertion. The prosecuting witness testified directly on this subject and appellant sets out her testimony on this subject. It is true that from appellant's point of view, the jury should not have believed her story, and should have believed his version, but unfortunately for appellant the jury

evidently did not believe his story, but did believe the story as related by the prosecuting witness.

We do not deem it either necessary or proper to rehearse the evidence, for it is of a character not to be repeated except upon a pressing necessity, and no such demand exists in the present case. It is sufficient to say that the evidence was such that rendered this and also instruction No. 17, which is very much like instruction No. 18, entirely proper.

What we have said with reference to instructions 17 and 18 disposes of the question presented by appellant's tendered instructions Nos. 24 and 25, which were refused by the court. These instructions omitted the element of deceit and trickery, and told the jury that it was necessary for the state to prove actual resistance and opposition on the part of the woman, or that opposition and resistance were overcome by violence or fear. These instructions followed the theory of the appellant that there was no evidence that appellant perpetrated any act of deceit or trickery to accomplish his purpose. Appellant is not supported by the record on this point and therefore we hold the court properly refused the instructions.

Appellant complains of the court in refusing to give his tendered instruction No. 12. This instruction is as follows:

"You are instructed that from the peculiar character of the crime of rape, the law requires that care be used in scrutinizing such a charge. The injured female is a competent witness in such a case; but the degree of credit to be given to her evidence depends more or less upon the concurrence of the circumstances of the case with her testimony. For instance, if the place where the act was done was remote from other people, or if the defendant at or near the time of the alleged offense showed evidence of excitement or fright, these and the like are concurring evidence to lend greater probability to her testimony when

such circumstances are proved by witnesses as well as by herself; but if the place where the act was supposed to have been done was one where it is probable that she might or could have been heard by others and such others do not testify to hearing her, or if the defendant shortly after the time of the alleged crime showed no evidence of excitement or fright, or if the prosecuting witness shortly after the time of the alleged crime showed no evidence of anger or excitement, these and like circumstances are not such as to corroborate the testimony of the prosecuting witness."

The court gave the jury instruction No. 15 on its own motion and it reads as follows:

"In considering the question of the guilt or innocence of the defendant you have a right to consider with the other evidence in the case the conduct of the prosecuting witness immediately after the alleged commission of the crime charged, and also the conduct of the defendant immediately after the alleged commission of the crime charged, and if you find from the evidence that immediately after the crime alleged to have been committed the prosecuting witness did not appear to be disturbed or excited, and if you further find that immediately after the alleged commission of the crime charged in the indictment the defendant did not appear to be disturbed or excited and that he proceeded to attend to his business in his usual and ordinary manner, you should consider these facts just as you have a right to consider whether or not the prosecuting witness soon after the alleged attack made complaint of the alleged attack if you find that she did make such complaint."

We think this instruction fully covers the point and is a clear statement to the jury as their guide in weighing the evidence. Appellant's instruction No. 12 should not have been given. The first part of this instruction sets up a different standard of proof on a charge of rape than other criminal charges, and set up a standard by which a prosecuting witness's evidence is to be measured and weighed heretofore unrecognized by the law. We

find no error in refusing appellant's tendered instruction No. 12.

Appellant's tendered instructions No. 17 and 18 were correctly refused. These instructions told the jury that communications between a physician and patient are confidential and privileged, and that such conversations cannot be testified to by the physician at a trial over the objection of the patient, but that such privilege may be waived by the patient, in which event the physician may give his version of such examination and conversation, and if they find that the patient has waived the privilege and the confidential character of the examination and conversation, then the physician has the right to testify and give his version of what occurred.

We can see no reason for such an instruction in this case. Appellant was permitted to testify in his own behalf and did relate to the jury his version of what occurred between the prosecuting witness and himself.

This rule of law is for the benefit of the judge in ruling upon offered testimony. The trial judge seemed to be entirely familiar with the rule of law contended for by appellant and permitted appellant to testify. It is for the court to determine what evidence is competent and what evidence is not competent, and the jury has no concern of these questions. It is for the jury to decide the case under the law and upon the evidence which the court permits to be introduced. If the court refuses to admit competent evidence or admits incompetent evidence the party aggrieved may save the question and present it to this court upon a proper assignment of error. Just why appellant wanted the jury to be informed on this rule of evidence or how it could aid them in their deliberation or just how appellant was

injured by the refusal is not made clear in appellant's brief.

We have examined appellant's exceptionally voluminous briefs with much care and find no reversible error.

Judgment affirmed.