MOONEY *v.* STATE OF INDIANA.

[No. 0-714. Filed June 11, 1965.]

*George W. Mooney, pro se.*

PER CURIAM.—We have before us in this cause the prisoner's petition for writ of certiorari from which it appears that the prisoner on March 11, 1954, was charged by affidavit with the rape of an eleven year old girl, that he was represented by attorneys, that he pleaded not guilty and thereafter was tried by jury resulting in his conviction and sentence to the Indiana State Prison for life.

It further appears therefrom as follows, viz:

That his attorneys within the statutory time filed a proper and timely motion for new trial on September 17, 1954, and thereafter on October 13, 1954, filed supplemental sub-paragraphs H and I of paragraph 3 of the motion for new trial. That one attorney died

before the ruling by the court on his motion for new trial and thereafter on September 16, 1957, the prisoner filed motion to dismiss the pending motion for new trial; that the petitioner learned his previous motion for new trial had not been ruled on when he attempted to file petition for writ of error coram nobis and was advised by the clerk of the court that the said motions for new trial were still pending and should be disposed of before filing the petition for error coram nobis. That the Allen Circuit Court should not have allowed the motions for new trial which were prepared with the aid of a certified transcript and filed by trial counsel to be dismissed by petitioner without being ruled on. That petitioner (who has filed a 5 page typewritten petition for certiorari in this Court with accompanying papers totaling 49 pages) is an illiterate person and did not waive his constitutional rights to have the trial court rule on his motions for new trial.

That the "QUESTION PRESENTED FOR REVIEW" urged by petitioner is that ". . . the statutes of the State of Indiana, in prosecutions for rape, require proof of penetration, to be sufficient evidence of the commission of the offense. That the testimony of the State's witness Dr. N. E. Aiken, . . . showed that penetration was not established as required by Burns' Indiana Statutes, Section 9-1611 of the Acts 1905, Ch. 169, Sec. 243, P. 584, and Dr. N. E. Aiken, by way of affidavit, Stated: 'The labia an [sic] hymen were inflamed and swollen, and that a few spots seemed ready to bleed.' "

Petitioner contends there was no evidence direct or circumstantial or from which proper inferences might be drawn that petitioner was ever, at any time, guilty of rape as alleged in the affidavit and which would sustain the verdict of the jury. Petitioner filed

before the Allen Circuit Court his belated motion for new trial for the purpose of determining whether there was substantial evidence to support the material facts required to sustain the jury's verdict of guilty. which motion was overruled on February 27, 1964.

Upon the filing of petitioner's petition for writ of certiorari in this Court we referred the matter to the public defender of the State of Indiana who was ordered to show cause why certiorari should not issue. The public defender thereafter filed answer to the rule to show cause. The public defender's answer points out that although petitioner states he is an illiterate person he filed in this Court, Pro Se, petition for certiorari with accompanying exhibits totaling 49 typewritten pages and in the Allen Circuit Court filed 32 typewritten pages in support of his petition to file belated motion for new trial, and that it therefore appears that either petitioner or his representative in this case is far from illiterate.

From the answer of the public defender it further appears, as was also set out as an exhibit to petitioner's petition for certiorari in this Court, that petitioner made the following statement which was admitted into evidence at his trial over the objection of his attorneys, viz:

"Well, about six months ago, one evening, I do not remember the date, I was lying on my bed when I was awaken [sic] by Sharon coming in and jumping on me. I got up out of bed and left the house as Sharon's parents were not at home. I was gone for a little while and then returned to the house. When I got inside the house Sharon was still up, so we started to acting the fool. While doing this I put my hands on her breasts and her privates. About this time Sharon's parents came home and we did not do anything more. Since that time on several occasions we have fooled around with each other. Two or three times

I put my finger in her vagina and played with her. I laid on top of Sharon several times, and on two occasions I took my penis out of my pants and worked myself off between her legs. One time while doing this I put my penis into her vagina just a little ways. . . ."

The answer of the public defender also makes reference to testimony of the child involved who stated that the defendant put his penis in her and that this hurt her, and that the evidence upon the subject of penetration is in direct conflict with the statements in petitioner's petition that no such penetration occurred, and that under the law of Indiana the slightest penetration is sufficient to constitute rape. *Espenlaub* v. *State* (1937), 210 Ind. 687, 694, 2 N. E. 2d 979, 981, (appeal dis.) 301 U. S. 665, 81 L. ed. 331, 57 S. Ct. 791; *Taylor* v. *The State* (1887), 111 Ind. 279, 280, 12 N. E. 400; 24 I.L.E., Rape, §2, p. 428.

It further appears that on November 8, 1962, the petitioner filed his petition for writ of habeas corpus in the United States District Court, Northern District of Indiana, South Bend Division, Civil No. 3130, which was by the Court denied.

After giving due consideration to the petition for certiorari and the answer of the public defender, we have carefully reviewed the matter and are of the opinion that the public defender properly concluded no merit exists in the petition for certiorari and that the same should therefore be denied.

Petition for certiorari denied.

Jackson, C. J., concurs in result.

NOTE.—Reported in 207 N. E. 2d 623.