FILED

Aug 17 2023, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randall D. Johnson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 17, 2023

Court of Appeals Case No.
22A-CR-2898

Appeal from the Marion Superior
Court

The Honorable Angela D. Davis,
Judge

Trial Court Cause No.
49D27-2102-F1-3732

**Opinion by Judge Tavitas**
Judges Bailey and Kenworthy concur.

**Tavitas, Judge.**

## Case Summary

[1] Randall Johnson appeals his convictions for two counts of child molesting, Level 1 felonies. Johnson appeals and argues that: (1) the trial court's preliminary instruction to the jury regarding juror questions violated the jury's right to determine the law pursuant to Article 1, Section 19 of the Indiana Constitution; and (2) the probation conditions imposed were an abuse of discretion. We disagree and, accordingly, affirm.

## Issues

[2] Johnson raises two issues, which we restate as:

> I. Whether the trial court's preliminary instruction to the jury regarding juror questions violated the jury's right to determine the law pursuant to Article 1, Section 19 of the Indiana Constitution.
>
> II. Whether the probation conditions imposed regarding contact with children were an abuse of discretion.

## Facts

[3] Johnson began dating and living with Toryah Cole and her children in 2008 in Indianapolis. Cole's children included: A.H., who was born in 2006; and D.C. and C.C., who are younger than A.H. Johnson molested A.H. from the time she was nine or ten years old until she was approximately thirteen years old. The molestations included Johnson inserting his tongue into A.H.'s vagina and anus and Johnson inserting his finger into A.H.'s vagina. In December 2020, when A.H. was fifteen years old, she told Cole about Johnson's actions. Cole

did not believe A.H., so A.H. told her grandmother about the molestations. A.H.'s grandmother notified the authorities.

[4] In February 2021, the State charged Johnson with three counts of child molesting, Level 1 felonies, for performing or submitting to "other sexual conduct" with A.H. Appellant's App. Vol. II p. 32. A jury trial was held in September 2021. The trial court gave the following preliminary instructions:

> During the trial, you may have questions you want to ask a witness. Please do not address any questions directly to a witness, the lawyers, or your fellow jurors, since there are rules as to what questions may be asked, and the answers that witnesses are allowed to give.
>
> Instead, if you have questions, please raise your hand after the attorneys have asked all of their questions, and before the witness has left the witness stand. You must put your questions in writing. I will review them with the attorneys, and I will determine whether your questions are permitted by law. If it is not permitted, you may not speculate as to why it was not asked, nor what the answer may have been.

Appellant's App. Vol. II p. 122. Johnson did not object to the trial court's preliminary instructions.

[5] The jury found Johnson guilty as charged. The trial court vacated the judgment for Count II. On Counts I and III, the trial court sentenced Johnson to an aggregate sentence of thirty years with five years suspended to probation and imposed conditions of probation, including limitations on Johnson's ability to have contact with children. Johnson now appeals.

# Discussion and Decision

## I. Jury Instruction

[6]     Johnson first makes a novel argument that the trial court's preliminary instruction to the jury regarding juror questions violated the jury's right to determine the law pursuant to Article 1, Section 19 of the Indiana Constitution. "Generally, we review jury instructions for an abuse of discretion." *Miller v. State*, 188 N.E.3d 871, 874 (Ind. 2022). "Where, as here, a defendant fails to object to an instruction, he waives appellate review." *Id*. "[W]e may still review the instruction for fundamental error, a narrow exception to waiver." *Id*. "An error is fundamental if it made a fair trial impossible or was a 'clearly blatant violation[ ] of basic and elementary principles of due process' that presented 'an undeniable and substantial potential for harm.'" *Id*. (quoting *Clark v. State*, 915 N.E.2d 126, 131 (Ind. 2009)).

[7]     Johnson's argument pertains to the following portion of the trial court's instruction regarding jury questions: "You must put your questions in writing. I will review them with the attorneys, and **I will determine whether your questions are permitted by law. If it is not permitted, you may not speculate as to why it was not asked, nor what the answer may have been**." Appellant's App. Vol. II p. 122 (emphasis added). According to Johnson, the emphasized portion of the instruction violates the jury's right to determine the law pursuant to Article 1, Section 19, of the Indiana Constitution, which provides: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

We first note that the instruction follows Indiana Evidence Rule 614(d), which provides:[1]

> A juror may be permitted to propound questions to a witness by submitting them in writing to the judge. **The judge will decide whether to submit the questions to the witness for answer.** The parties may object to the questions at the time proposed or at the next available opportunity when the jury is not present. Once the court has ruled upon the appropriateness of the written questions, it must then rule upon the objections, if any, of the parties prior to submission of the questions to the witness.

(emphasis added). We have held that Evidence Rule 614(d) "makes evident by its language that not all juror questions are proper and that a trial judge must determine whether the question is appropriate after hearing objections from the parties." *Trotter v. State*, 733 N.E.2d 527, 531 (Ind. Ct. App. 2000)*, trans. denied*. A proper juror question "is one which allows the jury to understand the facts and discover the truth." *Id.* "The trial court's decision of whether a juror question is for the purpose of discovering the truth is afforded broad discretion." *Id.* "[Q]uestions propounded by jurors are entitled to no less

---

[1] The instruction also tracks the Indiana Pattern Criminal Jury Instructions, which provide:

> During the trial you may have questions you want to ask a witness. Please do not address any questions directly to a witness, the lawyers, or your fellow jurors since there are rules as to what questions may be asked, and the answers that witnesses are allowed to give. Instead, if you have questions, please raise your hand after the attorneys have asked all of their questions, and before the witness has left the witness stand. You must put your questions in writing. I will review them with the attorneys, and I will determine whether your questions are permitted by law. If a question is permitted, I will ask it of the witness. If it is not permitted, you may not speculate why it was not asked, nor what the answer may have been.

Instruction No. 1.2200. Juror Questions and Procedure., Ind. Pattern Crim. Jury Inst. 1.2200. Use of the pattern jury instructions is the "preferred practice." *Ramirez v. State*, 174 N.E.3d 181, 199 (Ind. 2021).

scrutiny under our rules of evidence than those propounded by parties." *Burks v. State*, 838 N.E.2d 510, 518 (Ind. Ct. App. 2005), *trans. denied*.

[9]    In *Bigler v. State*, 602 N.E.2d 509, 518 (Ind. Ct. App. 1992), *trans. denied*, we addressed the trial court's duty to determine admissibility of evidence in the context of Article 1, Section 19.  We held:

> The constitutional guarantee contained in Art. 1, § 19, which confers upon the jury the right to determine the law as well as the facts, is not absolute, *Jones v. State* (1983), Ind., 449 N.E.2d 1060, 1065[2], or exclusive.  *Beavers v. State* (1957), 236 Ind. 549, 557, 141 N.E.2d 118, 122.  The Indiana Constitution also vests the judicial powers in the Supreme Court, in Circuit Courts and such other courts as the General Assembly may establish.  Art. 7, § 1.  Under our system of jurisprudence, the judge, not the jury, determines the law as to the admissibility of evidence.  *Pointon v. State* (1980), 274 Ind. 44, 408 N.E.2d 1255; *Beavers*, 236 Ind. at 557, 141 N.E.2d at 121.  It is the jury's duty to observe and respect this coordinate right set forth in the Constitution, *id*. at 563, 141 N.E.2d at 124, as it is not the judge of the law at every step in the proceedings.  *Id*. at 564, 141 N.E.2d at 125.  It is for the jury to decide the case under the law and upon the evidence which the court permits to be introduced.  *Espenlaub v. State* (1936), 210 Ind. 687, 697, 2 N.E.2d 979, 983.

[10]   In fact, our Supreme Court has long held that "'[t]he court and not the jury determines the admissibility of evidence, and the foundation for the admission of secondary evidence is a matter alone for the court and not for the jury.'" *Halliburton v. State*, 1 N.E.3d 670, 684 (Ind. 2013) (quoting *Sprague v. State*, 203

---

[2] *Overruled on other grounds by Seay v. State*, 698 N.E.2d 732 (Ind. 1998).

Ind. 581, 181 N.E. 507, 512 (1932)); *Espenlaub*, 210 Ind. at 697, 2 N.E.2d at 983 ("It is for the court to determine what evidence is competent and what evidence is not competent, and the jury has no concern of these questions. It is for the jury to decide the case under the law and upon the evidence which the court permits to be introduced.").

[11] In support of his argument, Johnson points to the testimony of Detective Stephen Guynn. Jurors asked the following questions of Detective Guynn: "Have you ever known a child abuse case that turned out to be a fabrication?" and "Did the siblings collaborate [sic] any all[e]gations." Appellant's App. Vol. II p. 153-54. A sidebar discussion of the questions between the trial court and counsel was not recorded, and the trial court did not ask those questions of Detective Guynn. Johnson contends that these questions "went to the heart of the defense of this case and the ultimate question the jury was required to determine—whether A.H. was telling the truth . . . ." Appellant's Br. p. 13.

[12] Under Johnson's interpretation of Article 1, Section 19, the jury would determine the admissibility of evidence. The State correctly argues that: "If this Court were to adopt Johnson's reasoning, then trial courts would infringe upon the jury's right to determine the law any time they sustained an objection, excluded evidence, struck an answer from the record, or admonished a jury to consider only the evidence that has been presented when making their determination of guilt or innocence." Appellee's Br. pp. 14-15. We agree that "[s]uch an absurd result is not consistent with the purpose of Article 1, Section

19." *Id.* at 15.  Accordingly, we do not find Johnson's novel argument persuasive.

[13] Moreover, we note that the trial court also instructed the jury:  "Under the Constitution of Indiana, you have the right to determine both the law and the facts.  The Court's instructions are your best source in determining the law." Appellant's App. Vol. II p. 107.  "In reviewing a particular instruction for fundamental error, we need not reverse unless the instructions as a whole—the jury charge—misled the jury on the applicable law." *Batchelor v. State*, 119 N.E.3d 550, 559 (Ind. 2019).  The instructions as a whole properly informed the jury of its constitutional duties under Article 1, Section 19, and did not mislead the jury.  We conclude that Johnson has failed to demonstrate fundamental error in the trial court's instruction to the jury regarding juror questions.

## II. *Probation Conditions*

[14] Next, Johnson argues that the probation conditions imposed by the trial court were erroneous.  "Trial courts enjoy broad discretion in fashioning defendants' probation conditions." *Weida v. State*, 94 N.E.3d 682, 687 (Ind. 2018).  "We will not disturb a court's probation order absent an abuse of that discretion." *Id.*  "A court abuses its discretion when the probation conditions imposed are not reasonably related to rehabilitating the defendant and protecting the public." *Id.*

[15] The trial court imposed the following probation conditions:

24.  You shall have no contact with any person under the age of 16 unless you receive Court approval or successfully complete a court-approved sex offender treatment program, pursuant to IC 35-38-2-2.4.  Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties.

25.  *Applies only to "sexually violent predator" as defined by IC 35-38-1-7.5 or an "offender against children" as defined by IC 35-42-4-11.*  You shall have no unsupervised contact or contact with a person less than sixteen (16) years of age.  **\*Permitted as a condition by IC 35-38-2-2.2(b)(1).**

26.  *Applies only to "sexually violent predator" as defined IC 35-38-1-7.5 or an "offender against children" as defined in IC 35-42-4-11.*  The court finds that it is in the best interests of the child that you shall have no unsupervised contact or contact with your child or stepchild who is less than 16 years of age.  **\*Permitted as condition by IC 35-38-2-2.2(b)(2).**

Appellant's App. Vol. II p. 24 (emphasis in original).

[16]    Johnson contends that the trial court did not make a "best interests" finding regarding D.C. and C.C. and that Cole, D.C., and C.C. support having contact with Johnson.  Indiana Code Section 35-38-2-2.2(b), however, provides:

As a condition of probation for a sex offender who is a sexually violent predator under IC 35-38-1-7.5 or an offender against children under IC 35-42-4-11, the court may:

(1) subject to subdivision (2), prohibit the sex offender from having any:

(A) unsupervised contact; or

(B) contact;

with a person less than sixteen (16) years of age; and

(2) if the court finds it is in the best interests of the child, prohibit the sex offender from having any:

(A) unsupervised contact; or

(B) contact;

**with a child or stepchild of the sex offender,** if the child or stepchild is less than sixteen (16) years of age.

(emphasis added). Regardless of the children's view of Johnson as a father figure, Cole and Johnson were not married, and D.C. and C.C. are not Johnson's stepchildren. Accordingly, Indiana Code Section 35-38-2-2.2(b)(2) is inapplicable here. The trial court, thus, was not required to make a "best interests" finding.

[17] Johnson also cites *Frank v. State*, 192 N.E.3d 904 (Ind. Ct. App. 2022), *trans. denied*, for the proposition that we should reverse this probation condition to allow Johnson to have contact with D.C. and C.C. We do not find *Frank* persuasive here. In *Frank*, the defendant was convicted of molesting an unrelated thirteen-year-old girl that he met through Snapchat. On appeal, where the parents of the children supported contact, we allowed "an exception for contact between Frank and his daughter, nephews, and nieces while Frank is in the DOC." *Frank*, 192 N.E.3d at 908.

Here, however, Johnson wants contact with the siblings of his victim. Another probation condition, which Johnson does not challenge, provides:

> 20. You shall have **no contact with your victim or victim's family** unless approved in advance by your probation officer and treatment provider for the benefit of the victim. Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties.

Appellant's App. Vol. II p. 23 (emphasis added). Johnson's molestation of A.H. created a family rift that is ongoing. Continued contact between Johnson and A.H.'s siblings is unlikely to help heal that family rift. Under these circumstances, we cannot say the trial court abused its discretion by prohibiting Johnson's contact with D.C. and C.C.

## Conclusion

The trial court's instructions to the jury regarding juror questions did not violate Johnson's rights under Article 1, Section 19 of the Indiana Constitution, and the trial court did not abuse its discretion by imposing probation conditions limiting Johnson's contact with children. Accordingly, we affirm.

Affirmed.

Bailey, J., and Kenworthy, J., concur.