JESSIE JAMES DUVOSE AND CLINTON BOGA, JR. v.
STATE OF INDIANA.

[Nos. 1070S244 and 1070S245. Filed December 3, 1971, consolidated for argument and decision.]

*Charles W. Vincent*, of Terre Haute, for appellants.

*Theodore L. Sendak*, Attorney General, *Robert F. Hassett*, Deputy Attorney General, for appellee.

GIVAN, J.—The appellants were charged with the crimes of kidnapping and rape in two separate counts arising out of the same incident. The two causes were tried simultaneously before a jury resulting in verdicts of guilty on each count as to each of the appellants. The State of Indiana moved to consolidate the cases for purposes of argument and decision in this court which motion was granted. Appellants contend they were denied a fair trial by reason of the State's improper introduction into evidence of extraneous matter which was prejudicial to the defendants.

The following testimony appears in the record during the direct examination of state's witness Tryon:

"Q: As a result of the City Message did you learn anything?

"A: At one fifty-five P.M. on a Monday, November the 3rd, I received information that a suspect in an Indiana car bearing Terre Haute issue license 84C7523

had, in fact . . . and subject contained had a heavy scar on his face . . . had, in fact raped two more women from Pennsylvania and this complaint had come from there.

"MR. VINCENT: To which the defense will object.

"COURT: No, I'll let him proceed.

. . . to a Jessie James Duvose at a location here in the City."

The general rule in Indiana is that evidence of separate and distinct crimes is inadmissible except to show intent, ■ motive, identification/ or a common scheme or plan. *Hennings* v. *State* (1971), 256 Ind. 115, 267 N. E. 2d 172, 24 Ind. Dec. 674.

There was no attempt on the part of the state in this case to bring the evidence of the rapes alleged to have occurred in Pennsylvania within the above exceptions to the rule. It is difficult to see how such a statement made by the officer could be anything but prejudicial to the appellants. There is no showing of any relevance of the alleged acts in Pennsylvania to any point in issue to the case at bar. In *White* v. *State* (1971), 257 Ind. 64, 272 N. E. 2d 312, 26 Ind. Dec. 568, this Court stated:

". . . the burden is upon . . . [the party claiming error] to show that he was harmed; but this is done when it is made, by all the circumstances, to appear that the ■ error placed him in a position of grave peril to which he should not have been subjected."

Therefore, these consolidated cases are both reversed with instructions to the trial court to grant new trials to the appellants in each cause.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 536.