PETER DUANE ALLBRITTEN *v.* STATE OF INDIANA.

[No. 773S141.  Filed October 28, 1974.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Mark McNeely*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert S. Spear*, Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Appellant was convicted of the kidnapping and rape of a four and a half year old girl. He was granted leave to file this Belated Appeal. Rule PC. 2(2). His first contention is that as to the charge of rape the evidence was insufficient to prove the necessary element of penetration. *Ritchie* v. *State* (1963), 243 Ind. 614, 189 N.E.2d 575; *Ketcham* v. *State* (1959), 240 Ind. 107, 162 N.E.2d 247. The fact-finder may infer penetration from circumstantial evidence such as the physical condition of the victim soon after the incident. *Weaver* v. *State* (1963), 243 Ind. 560, 187 N.E.2d 485. And of course, this court will not weigh the evidence nor judge the credibility of witnesses. Instead, we will look to that evidence most favorable to the State and the reasonable inferences to be drawn therefrom. The judgment of the fact-finder will be affirmed if, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686, and cases cited therein. Furthermore, it is well-settled that in proving rape proof of the slightest degree of penetration is sufficient. *Mooney* v. *State* (1959), 246 Ind. 570, 207 N.E.2d 623; *Taylor*

v. *State* (1887), 111 Ind. 279, 12 N.E. 400. Thus, it is sufficient here to recite that a post-abduction medical examination of the victim revealed "considerable injury to the vulva and outer portion of the vagina." From this evidence alone it was not unreasonable for the jury to infer that penetration had occurred.

Appellant's other contention is that his Sixth Amendment right of confrontation was denied in three different instances: namely, when a police officer testified that a mug shot of the Appellant had been identified by a victim of an earlier rape; when a police officer testified that an anonymous phone call had focused the police investigation on Appellant; lastly, the right to confrontation is said to have been violated because the victim did not testify. We need not reach the merits of the first two alleged instances because they could not be the source of reversible error. Identity was not an issue in this case. Appellant took the stand and narrated the abduction of and sexual assault on the child. Procedures which led to his apprehension were not at issue. Moreover, the fact that a victim of a prior rape had identified Appellant's picture was not impermissibly prejudicial because in crimes of this nature evidence of similar prior crimes is admissible. *State* v. *Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691; *Borolos* v. *State* (1924), 194 Ind. 469, 143 N.E. 360; *State* v. *Markins* (1884), 95 Ind. 464, 48 Am. Rep. 733. In any event, the testimony about these pre-trial procedures did not cause prejudice to the Appellant on any issue at trial. As to the absence of the victim from the trial, since Appellant did not attempt to call her as a witness, he can not be heard to say that he was denied the right to confront her. If a defendant wishes to have a particular witness testify, he must call that witness. There is no affirmative duty on the state to call any particular witness. *Kerlin* v. *State* (1970), 255 Ind. 420, 265 N.E.2d 22; *Denton* v. *State* (1964), 246 Ind. 155, 203 N.E.2d 539. Corroboration by the victim, especially a small child, is not necessary in a rape case. *Weaver, supra.*

For all of these reasons, the conviction is affirmed. Givan, Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 317 N.E.2d 854.