GERALD R. COBBS *v.* STATE OF INDIANA.

[No. 873S153. Filed December 23, 1975.]

*Bernard M. Tetek, Gerald N. Svetanoff,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

PRENTICE, J.—Appellant was convicted by a jury for kidnapping (Ind. Code § 35-1-55-1, Burns § 10-2901 (1956)) and rape (Ind. Code § 35-13-4-3, Burns § 10-4201 (1956)). He was sentenced to concurrent terms of life imprisonment for kidnapping and imprisonment for not less than two nor more than twenty-one years for rape. He appeals the rape conviction, asserting that it was based on inadmissible evidence.

The State's chief witness, Diana Davis, testified that on January 3, 1972, at about 10:45 p.m., she was returning to her home in the Miller section of Gary, Indiana. Her customary parking space was blocked so she parked three or four spaces down from it. As she and her two children got out of the car, her customary space was vacated. She told the children to go ahead while she moved the car. After she did, she got out of the car. A heavy-set black male, subsequently identified as defendant, approached. He placed a gun at her head and told her he would kill her if she made any noise. She was forced back into the car and forced to lie with her head down.

The assailant drove a few blocks from the Davis home and stopped the car. He ransacked Mrs. Davis' purse and asked for some identification. He took some credit cards and a library card. He then forcibly raped Mrs. Davis. When

another automobile appeared, he removed himself from her, and drove away, finally stopping in a parking lot. The victim was told by the defendant that if the matter were reported to the police or if she ever made a gesture of recognition toward him, he would have her name and address from the library card and that he would kill her and her family.

The victim's hands and feet were then tied with her knee socks and she was pushed into the back seat.

When the assailant fled, Mrs. Davis managed to free her hands but not her feet. After making a futile effort to arouse residents of a nearby apartment complex, she drove home. She made a statement to the police that night and signed it the next day.

After Mrs. Davis testified, the State called Mary Pope. Mrs. Pope testified that on December 12, 1971, at about 2:30 a.m., the defendant raped her. She said that he approached her car as she left work at a coffee shop in East Gary, he produced a gun and told her that if she didn't shut up he would kill her. He forced her into her car and drove her to Gary, where he forcibly raped her. He then took her automobile registration, saying he needed something with her name and address on it so that if she ever went to the police, he or someone else would harm her or her family.

The only issue saved for review in this case is whether the trial court erred in admitting Mary Pope's testimony.

Generally, evidence of criminal activity other than that charged is inadmissible on the question of guilt. However, such evidence may be admitted to show intent, motive, purpose, identification, or common scheme or plan. *Kerlin* v. *State*, (1970) 255 Ind. 420, 265 N.E.2d 22; *Watts* v. *State*, (1950) 229 Ind. 80, 95 N.E.2d 570.[1] It is freely admitted to show depraved sexual instinct

---

1. Even if relevant to one of these issues, the evidence may be excluded if it misleads the jury, or serves no other purpose than to prejudice the defendant in the mind of the jury, or is remote in time or place. *Burns* v. *State*, (1970) 255 Ind. 1, 260 N.E.2d 559; *Woods* v. *State*, (1968) 250 Ind. 132, 235 N.E.2d 479; *Gears* v. *State*, (1932) 203 Ind. 380, 180 N.E. 585.

when sodomy or incest is charged. *Austin* v. *State*, (1974) 262 Ind. 529, 319 N.E.2d 130; *Gilman* v. *State*, (1972) 258 Ind. 556, 282 N.E.2d 816; *Woods* v. *State*, (1968) 250 Ind. 132, 235 N.E.2d 479.

In this case, neither sodomy nor incest was charged. Therefore, Mrs. Pope's testimony was admissible only if it tended to show intent, motive, purpose, identity, or common scheme or plan. We conclude that the challenged testimony was relevant to the issue of identity.

Under the identity exception, evidence of other crimes is admissible if identity is at issue, and the other crimes are connected with the charged crime in such a way that proof of them naturally tends to identify the defendant as the one who committed the charged crime. 1 Underhill's Criminal Evidence § 210 (6th Ed. Herrick Rev. 1973). One application of this exception pertains to crimes involving a similar modus operandi. That is, when the marks common to charged and uncharged offenses set them apart from other offenses of the same general variety, evidence of the uncharged offense is admissible on the issue of identity. *People* v. *Matson*, (1974) 13 Cal.3d 35, 117 Cal. Rptr. 664, 528 P.2d 752. Compare *Smith* v. *State*, (1939) 215 Ind. 629, 21 N.E.2d 709, with *Layton* v. *State*, (1966) 248 Ind. 52, 221 N.E.2d 881.

In this case, the only distinctive feature of the assailant's method was the demand for identification. However, it is not the number of unique or unusual features that brings a case under this branch of the identity exception, but the cumulative weight of any such features. Cf. *People* v. *Crisafi*, (1960) 187 Cal. App.2d 700, 10 Cal. Rptr. 155. While the method employed in the two rapes was not unique, we believe it to be "unusual enough to be relevant in establishing identity." *State* v. *Francis*, (1962) 91 Ariz. 219, 371 P.2d 97.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, CJ. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 338 N.E.2d 632.