George HOWELL, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 380S71.

Supreme Court of Indiana.

Dec. 1, 1980.

Rehearing Denied Jan. 26, 1981.

William G. Smock, Terre Haute, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst.Atty.Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, George Howell, was convicted by a jury of child molesting, a class B felony, Ind.Code § 35–42–4–3(a) (Burns 1979 Repl.), and criminal confinement, a class C felony, Ind.Code § 35–42–3–3(2) (Burns 1979 Repl.) (amended 1979). He was sentenced to twenty years for the class B felony and five years for the class C felony, the sentences to run concurrently. He now raises three issues in this direct appeal:

1. Whether the trial court erred in permitting the state to elicit testimony from witnesses concerning the fact that defendant had been accused of child molesting in the past;

2. Whether the trial court erred in allowing two witnesses for the state to testify that defendant told them he "thought" he had committed the crimes in question; and

3. Whether the trial court erred in giving certain instructions.

The evidence most favorable to the state reveals that on the evening of August 17, 1978, the eight year old victim and her parents attended a CB club meeting in Terre Haute. The defendant and his family also attended. After the meeting, the defendant asked the victim's father if the victim could stay all night with defendant's daughter. It was agreed, and the victim went home with defendant and his family. Later that night, defendant told the victim that they had to go to her house and pick up some clothes. The two of them left in defendant's truck but instead of going to the victim's house, they went to a liquor store where defendant purchased some beer. They then proceeded down some back roads along the Wabash River and stopped next to an isolated field.

Defendant removed his clothes and those of the victim. They went into the field and lay on the ground where defendant placed his penis between the victim's legs and started "wiggling." They returned to the cab of the truck and defendant fell asleep. Out of fear, the victim remained in the truck with him. When defendant awoke the next morning, he forced the victim to perform oral sex. Afterwards, they drove back to defendant's house. Defendant told the victim not to tell anyone what had happened or else he would kill her. Eventually, the victim told her mother the truth, and defendant was arrested.

I.

■ Defendant first contends that the trial court erred in allowing two police officers to testify on direct examination during the state's case in chief that in the course of their investigation, defendant informed them that on several previous occasions he had been "accused" of child molesting in other communities and had been asked to leave those areas which he did. Although evidence of separate and distinct crimes is generally inadmissible as proof of a defendant's guilt, such evidence is admissible for the purpose of showing intent, motive, purpose, identification, or common scheme or plan. Henderson v. State, (1980) —— Ind.

——, 403 N.E.2d 1088; O'Conner v. State, (1980 ) —— Ind. ——, 399 N.E.2d 364. It is also competent to establish a depraved sexual instinct when sodomy or incest is charged. Daniels v. State, (1980) —— Ind. ——, 408 N.E.2d 1244; Cobbs v. State, (1975) 264 Ind. 60, 338 N.E.2d 632. See also Grey v. State, (1980) —— Ind. ——, 404 N.E.2d 1348 (admissible in a prosecution for rape of a child under the age of twelve years). The state maintains that the testimony was admissible under the intent or depraved sexual instinct exceptions. We disagree.

The state has overlooked a threshold problem involved in the introduction of these statements. In permitting the state to use evidence of separate criminal acts on the part of the accused, we have not required proof of a conviction. See, e. g., Worthington v. State, (1980) —— Ind. ——, 405 N.E.2d 913; Porter v. State, (1979) —— Ind. ——, 397 N.E.2d 269. However, it goes without saying that there must be evidence of probative value showing that the defendant actually engaged in those acts.

Here, there was only evidence of vague accusations. Defendant never admitted committing these other acts nor did the state introduce additional evidence proving that he had indeed committed them. We are not aware of any other basis for the admission of this testimony. Even assuming that the testimony could be considered as evidence of defendant's community reputation for bad character, it would not be admissible as defendant had not tendered any evidence of his good character concerning this trait. Bond v. State, (1980) —— Ind. ——, 403 N.E.2d 812; Robertson v. State, (1974) 262 Ind. 562, 319 N.E.2d 833. Nor was the testimony being used for impeachment purposes. The evidence was irrelevant and, therefore, inadmissible.

■ However, we are constrained to hold, under the circumstances of this case, that the error was harmless inasmuch as the evidence supporting the guilty finding was not only substantial, it was overwhelming. Stevens v. State, (1976) 265 Ind. 396, 354 N.E.2d 727; Moore v. State, (1972) 258

Ind. 200, 280 N.E.2d 57. Besides the victim's testimony of the assault, two police officers testified that defendant admitted to them that he thought he had committed the crime and informed them that when he drank, he had abnormal sexual feelings towards smaller children. He told them that he could show them the area where he had taken the victim. He proceeded to do so without hesitation and said he was positive of the location. He even identified some tire tracks as having been made by his truck. He also pointed out to the police the spot in the field where he had led the victim. This location was the same spot to which the victim directed her parents several days after the attack. She also identified the area from several photographs during her testimony in court.

While at the scene of the crime, defendant appeared "sorrowful" and told police that he needed professional help and wanted to be taken off the streets. The victim's parents testified that when the victim returned home after the assault, she was crying and acted scared, was so hoarse that she could hardly talk and had chigger bites all over her body. A police officer who saw the victim that same day made similar observations and stated that she appeared to be in shock. A doctor who examined the victim within twenty–four hours of the attack testified that the victim's external genitalia were raw which he said was a characteristic common in child molesting cases.

In addition, the victim testified that when the defendant got out of his truck to go into the liquor store on their way to the scene of the crime, she turned on his CB radio and called for a "1033," which denotes an emergency. Two witnesses monitoring their CBs that night testified that about that time, they heard a little girl who sounded afraid and in distress make such a call. The victim also testified that when the defendant fell asleep in the truck after having accosted her, she once again used the CB radio and called for her parents. A witness listening to her CB that night corroborated that fact.

The only defense offered by defendant was that he had been drinking heavily the day of the incident, and the last thing he remembered was buying some beer on his way home from the CB club meeting. He testified that he recalled nothing more until he woke up the next morning in his truck with the victim. In light of the above evidence, we hold that the error in admitting the irrelevant testimony was harmless.

## II.

Defendant next contends that his statement to investigating police officers that he "thought" he had committed the crime was improperly admitted because it constituted a conclusion on the part of a witness and was speculative. This argument is patently without merit. The incriminating statement was certainly relevant, and the weight to be given to it was a matter for the jury.

## III.

Defendant's last contention of error concerns the trial court's preliminary instruction number nine and final instruction number six, both of which provided in pertinent part:

"[I]f you find so much conflict between the testimony of witnesses that you cannot believe all of them, then you should determine which of the witnesses you will believe and which of them you will disbelieve."

Defendant maintains that this phrase improperly compelled the jury to make a choice as to which witnesses it found credible. He argues that the jury may have chosen not to believe any of them which, he asserts, in itself would have created a reasonable doubt about one or more elements of the crimes charged.

We believe that the instructions given were a correct statement of the law. When the testimony of witnesses is irreconcilable, it is the responsibility of the jurors to decide whom they will believe and whom they will not. *Scheerer v. State*, (1925) 197 Ind. 155, 149 N.E. 892. In *Sypniewski v. State*,

(1977) 267 Ind. 224, 368 N.E.2d 1359, we quoted with approval an instruction nearly identical to the one at bar. In addition, the jury was adequately instructed on the reasonable doubt standard. We find no error in the instructions.

For all the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.