**Harold R. MONTGOMERY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 979S253.**

Supreme Court of Indiana.

Dec. 3, 1980.

Rehearing Denied Feb. 3, 1981.

Campbell, Kyle & Proffitt, Carmel, for appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Montgomery was tried by a jury and found guilty of rape and kidnapping. On June 14, 1979, he was sentenced to twenty–one (21) years on Count I rape, and to life on Count II kidnapping, such sentences to be served concurrently. He appeals.

Appellant alleges errors concerning the establishment of venue, the granting of a motion in limine filed by the State and in the exclusion of evidence, the denial of appellant's motion in limine and in permitting a witness to testify, the giving of instructions, the sufficiency of the evidence, and the jury's deliberations.

The evidence reveals that on August 30, 1977, P.S. left her father's home on the north side of Indianapolis with a friend, around 8:30 p. m. The two girls were walking east on 91st Street, Indianapolis, Marion County, when P.S. noticed a Volkswagen automobile had passed them twice. The two girls saw the same car a third time parked on a dirt path. A man suddenly appeared, grabbed P.S. around the neck and led her to the Volkswagen automobile saying that he would choke her if she screamed. He reached through the open window vent to open the automobile door. He put her in the car and got in, started the engine and pulled out onto the street. He instructed her to keep quiet and she did so. He drove on, then turned onto a dirt track down a hill. He told her to get into the back of the car and he removed her shorts and underpants. He held her legs down, undid his trousers and had intercourse with her. She testified that she was afraid and crying and that she did not consent to his acts. The man got up, fastened his pants, told her to dress and got in the front seat of the car. He started the car and drove back in the direction from which they had come. P.S. asked to be let out of the car and he stopped and let her out. She walked to a house. Mrs. Moffitt let her in and called the sheriff and an ambulance. P.S. was hysterical. She gave a statement that night to police officers. At trial she identified the defendant as the man who had kidnapped and raped her. Her friend had summoned help in an effort to find the victim who had been taken away in the car. Descriptions of the car were given, and a citizen's band radio operator called the police to report that he had heard a report on a brown Volkswagen with a flat rear tire and no left rear light. This description matched the description of the appellant's car. Appellant surrendered himself to police on September 6, 1977, with his trial counsel accompanying him. The victim identified him at a lineup on September 7, 1977.

Since this case must be reversed for a new trial, we will address the issues relevant to reversal.

### I.

Appellant alleges that the trial court erred in denying his motion in limine and in permitting a witness to testify over objec-

tions by counsel. A witness S.W., was permitted to testify that approximately six weeks prior to the incident involved in this case, she was involved with the appellant. She testified that she was fourteen (14) at that time and was babysitting for the appellant and his wife. She was at appellant's home and she said that appellant and appellant's wife's cousin started to take off the bottom part of her bathing suit in the kitchen. She said she told them not to do that because appellant's wife would get mad. She then went into the bathroom and put on a pair of corduroy pants from the dryer. They then brought her into the living room and took off her pants. Appellant had intercourse with her, then said, "It's your turn" and the other man also had intercourse with her. She testified that she could have walked out of the door at any time. She testified that they did not have any weapons, that they did not hit, strike or drag her. She said she told the appellant not to. After this incident she went home and went to sleep. She did not tell her mother, sister or brothers about it. She said that approximately two days later she told a neighbor, but that no one else knew about it until a week or two before she testified. She testified that she had had prior sexual experience.

Defense counsel continuously objected to the allowing of this testimony. The denial of appellant's motion in limine and permitting this witness to testify was error.

■ The general rule in Indiana concerning the admission of evidence of separate, independent crimes or acts committed by an accused is that such evidence is inadmissible. There are exceptions to this rule recognized by our courts. It is well established that evidence of other crimes may be used to prove intent, purpose, motive, identity or a common scheme or plan. *Porter v. State*, (1979) —— Ind. ——, 397 N.E.2d 269; *Willis v. State*, (1978) —— Ind. ——, 374 N.E.2d 520, 522; *Pierce v. State*, (1977) 267 Ind. 240, 248, 369 N.E.2d 617, 621. Evidence of a prior rape relevant to the issue of intent has been admitted when an assault and battery with intent to rape is charged.

*Meeks v. State*, (1968) 249 Ind. 659, 234 N.E.2d 629.

When marks common to chárged and uncharged offenses set them apart from others of the same general variety, evidence of other crimes has been admitted on the issue of identity. *Porter v. State*, (1979) —— Ind. ——, 397 N.E.2d 269; *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632. In *Gutierrez v. State*, (1979) —— Ind. ——, 395 N.E.2d 218 evidence of other crimes was admitted which was relevant to establishing a common scheme or plan.

■ However, even if such evidence is relevant to one of such above issues, the evidence may be excluded if it misleads the jury or serves no other purpose than to prejudice the defendant in the mind of the jury, or if it is remote in time or place. *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632; *Burns v. State*, (1970) 255 Ind. 1, 260 N.E.2d 559; *Woods v. State*, (1968) 250 Ind. 132, 235 N.E.2d 479; *Gears v. State*, (1932) 203 Ind. 380, 180 N.E.2d 585. Such evidence may be admitted however, in spite of its tendency to show the accused guilty of other crimes, if it proves a fact in issue and its probative value outweighs its prejudicial effect. *Porter v. State*, (1979) —— Ind. ——, 397 N.E.2d 269, 272; *Feyerchak v. State*, (1978) —— Ind. ——, 383 N.E.2d 1027, 1028; *Grooms v. State*, (1978) —— Ind. ——, 379 N.E.2d 458, 462; *Bruce v. State*, (1978) —— Ind. ——, 375 N.E.2d 1042, 1077.

■ However, the evidence in the present case was not relevant to prove a fact in issue, nor did it show intent, motive, purpose, identification, or common scheme or plan. The prejudicial effect of such testimony clearly outweighed any probative value it might have had. The victim in the instant case was walking with a friend when she was grabbed around the neck and taken to an automobile while being threatened. She was put into the car and driven away. She was forced into the back of the car, undressed and forcibly penetrated. This testifying witness simply stated that she had had intercourse with appellant and another man in appellant's home. There

was no evidence that she was kidnapped, taken away in a car, threatened or forcibly taken anywhere. She was free and able to leave at any time.

The State claims that her testimony was relevant to show depraved sexual instinct on the part of the defendant. They claim that because the offense, had any been charged, would have been statutory rape since she was fourteen, it was not necessary to show force or violence or consent for this testimony to be relevant. We disagree. It seems apparent that even those cases which have allowed evidence of prior convictions to show a depraved sexual instinct have involved similar offenses.

In *Lamar v. State*, (1964) 245 Ind. 104, 195 N.E.2d 98 evidence regarding other similar sex offenses was admitted as an exception to the general rule, stating that such evidence was permissible in actions involving abnormal sexual intercourse and citing *Borolos v. State*, (1924) 194 Ind. 469, 473, 143 N.E. 360 which involved sodomy. More recently this Court has allowed evidence of prior convictions for similar offenses to be admitted as tending to show a depraved sexual instinct when sodomy or incest is charged. *Daniels v. State*, (1980) —— Ind. ——, 408 N.E.2d 1244; *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632; *Austin v. State*, (1974) 262 Ind. 529, 319 N.E.2d 130. Such similar crimes also often show intent, motive, purpose, identification or a common scheme or plan.

It is true that if these acts occurred, they would have been an offense of statutory rape since the girl was fourteen years old, and that to prosecute that offense would not require a showing that there was any force involved. However, here we must view this evidence in relation to this case. It could be admitted only under acceptable exceptions to the general rule. In that regard it could be admitted only if it could show intent, purpose, motive, identity or common scheme or plan, which it does not. The prejudicial effect of the admission of this testimony is overwhelming.

The jury was specifically instructed in their consideration of this testimony. The court instructed the jury by giving State's Final Instruction No. 7 which reads as follows:

"Evidence of another criminal offense alleged to have been committed by the Defendant has been introduced. The Defendant is not on trial for anything that was done to any witness except ..., (name omitted) the victim herein. You may consider this evidence for what it is worth, if anything, in identifying the Defendant in this action. You may also consider this evidence for what it is worth, if anything, in showing a common scheme or plan which was used to perpetuate both offenses."

Defense counsel objected to this instruction pointing out that there was no similarity in these alleged offenses. Counsel pointed out that in instructing the jury that such evidence might be considered for what it is worth in showing a common scheme or plan, that there was some possibility that this evidence showed a common scheme or plan. Counsel objected that this instruction was prejudicial and moved that the testimony of this witness be stricken and disregarded. The allowing of this testimony and this evidence to be heard by the jury and the giving of this instruction can only have prejudiced the defendant.

The appellant raises as an additional allegation of error that the judge should have declared there to be a hung jury and that his motion for mistrial should have been granted. The record does not reflect improper handling of the alleged "hung jury" issue. However, the fact that the jury apparently had difficulty in reaching a verdict, even with the admission of this prejudical evidence further supports our conclusion that it is unlikely that the jury would have reached its verdict without the admission of this prejudicial evidence. Such error cannot be considered harmless.

We must conclude that these errors denied the defendant due process and that they contributed to or influenced the jury's verdict. These errors are sufficient to require reversal and the remanding of this case for a new trial. On this basis, the

judgment of the trial court is reversed and the case is remanded for a new trial.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.