Brian **LEHIY**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 50A03–8601–CR–30.

Court of Appeals of Indiana,
Third District.

Dec. 8, 1986.

Rehearing Denied Jan. 21, 1987.

Tom A. Black, Plymouth, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant/appellant Brian Lehiy appeals his jury conviction for rape pursuant to IND.CODE § 35–42–4–1(a), a Class B felony. He presents three issues for review which are, as restated:

(1) whether the trial court erred in admitting evidence of a previous rape by defendant of another woman;

(2) whether the trial court erred in admitting evidence concerning a polygraph examination administered to the defendant; and

(3) whether there was sufficient evidence to support the verdict.

Lehiy was charged with the alleged rape of a sixteen-year-old girl, L.P., on March 14, 1985.[1] L.P. was walking to her cousin's home, approximately three or four blocks down a country road, because she had had an argument with her boyfriend on the telephone. She alleged the defendant came up to her and grabbed her arm and began kissing her ear. He pulled her over a fence and after a struggle he was able to pin her to the ground. He pulled down her pants and had intercourse with her. She testified there was penetration. She was then able to break free of her assailant and run to her home. L.P. did not tell anyone of the incident immediately and discarded her clothing. Later L.P. told her boyfriend and then her parents of the incident. Her parents took her to the police station and the investigation was begun. During the attack, L.P. did not see the face of the rapist, but she was able to describe clothing, hair

---

1. The date of the alleged events was originally indicated to be March 21, 1985. It was then determined that the actual date was March 14, 1985.

texture, build and the fact the attacker had a mustache. Even though she knew the defendant who lived close to her, went to the same school and rode the same school bus, she was not sure who the attacker was until a month and a half later when she saw the defendant, heard his voice and saw the build of his body. She then positively identified the defendant Brian Lehiy as her attacker.

At trial the State offered evidence of a prior act by the defendant in which he attempted to rape another woman. The victim of that incident was allowed to relate this evidence after a pre-trial ruling by the court that the evidence was admissible pursuant to the depraved sexual instinct exception to the general rule excluding such evidence. The witness then testified to an incident some 21 months previous to the incident charged. The witness was working at a camp and took a bike ride. She passed the defendant, who was a complete stranger to her, going the opposite direction and he began to follow her. He pulled his bike in front of her. He grabbed her off the bike and took her into a wooded area where he disrobed her, partially disrobed himself, and attempted intercourse which he was unable to achieve. The witness then dressed and left without interference by the defendant.

The defendant argued at a pre-trial hearing, during trial, in his motion to correct errors and in his brief on appeal that such evidence was improperly admitted into evidence.

The rules as to evidence of other crimes are well established:

"The general rule is evidence which shows or tends to show guilt in separate, unrelated and independent crimes is not admissible as proof of guilt in the instant case. *Henderson v. State,* (1980) [273] Ind. [334], 403 N.E.2d 1088. There are exceptions to the rule which allow evidence of prior crimes to be admitted for the purpose of showing intent, motive, purpose, identification, common scheme or plan or a depraved sexual instinct. *Austin v. State,* (1974) 262 Ind. 529, 319 N.E.2d 130.''

*Watkins v. State* (1984), Ind., 460 N.E.2d 514, 515.

■■■ In order to come within the exception to show plan or scheme, there must be characteristics so similar, unusual and distinctive that they are earmarked as the acts of one person. *Willis v. State* (1978), 268 Ind. 269, 374 N.E.2d 520. The use of force is not alone sufficient to meet this criteria. *Malone v. State* (1982), Ind., 441 N.E.2d 1339. The facts in this case and those revealed in the testimony of prior acts as indicated above, were not distinctive or similar enough to come within this exception. Therefore admission of the evidence of prior sexual activity could not be sustained pursuant to this exception to show plan, scheme, intent, etc. The evidence could only have been admitted on the basis stated by the trial court, *i.e.* to show depraved sexual instinct. It is therefore necessary to assess the application of the depraved sexual instinct exception to this case where the prosecution is for rape.

Judge Garrard asserts in his dissenting opinion that evidence of a prior forcible rape is admissible to show depraved sexual instinct. However, we are of the opinion the depraved sexual instinct exception does not apply in a case where the charge is rape only, and therefore the evidence of a prior forcible rape, without "earmarking" traits, was improperly admitted.

■■ Initially, the law is clear that evidence of prior criminal sexual activity is admitted pursuant to the depraved sexual instinct exception where incest or sodomy is charged. In *Cobbs v. State* (1975), 264 Ind. 60, 338 N.E.2d 632, the defendant was charged with kidnapping and rape. A witness was permitted to testify that the defendant had raped her approximately one month prior to the charged offense. In determining that the evidence was admissible due to a common, distinctive feature in the two rapes which was relevant to establish identity, the Court stated:

"Generally, evidence of criminal activity other than that charged is inadmissible on the question of guilt. However, such

evidence may be admitted to show intent, motive, purpose, identification, or common scheme or plan. *Kerlin v. State,* (1970) 255 Ind. 420, 265 N.E.2d 22; *Watts v. State,* (1950) 229 Ind. 80, 95 N.E.2d 570. It is freely admitted to show depraved sexual instinct when sodomy or incest is charged. *Austin v. State,* (1974) [262] Ind. [529], 319 N.E.2d 130; *Gilman v. State* (1972) 258 Ind. 556, 282 N.E.2d 816; *Woods v. State,* (1968) 250 Ind. 132, 235 N.E.2d 479.

In this case, neither sodomy nor incest was charged. Therefore, Mrs. Pope's testimony was admissible only if it tended to show intent, motive, purpose, identity, or common scheme or plan. We conclude that the challenged testimony was relevant to the issue of identity." (Footnote omitted.)

*Id.,* 338 N.E.2d at 633–634.

In 1980 the Supreme Court of Indiana addressed the issue of the admission of evidence of prior sexual acts in two cases. In *Montgomery v. State* (1980), 274 Ind. 544, 412 N.E.2d 793, the defendant was charged with rape and kidnapping. A witness testified as to prior sexual conduct of the defendant when the witness was fourteen years old which conduct would have constituted statutory rape even though the witness made no claim of force. The Court determined that the only basis upon which the evidence could be admitted was to show intent, purpose, motive, identity or common plan or scheme and since the incident testified to did not show any of these elements, it was improperly admitted. The Court stated:

"The State claims that her testimony was relevant to show depraved sexual instinct on the part of the defendant. They claim that because the offense, had any been charged, would have been statutory rape since she was fourteen, it was not necessary to show force or violence or consent for this testimony to be relevant. We disagree. It seems apparent that even those cases which have allowed evidence of prior convictions to show a depraved sexual instinct have involved similar offenses.

In *Lamar v. State,* (1964) 245 Ind. 104, 195 N.E.2d 98 evidence regarding other similar sex offenses was admitted as an exception to the general rule, stating that such evidence was permissible in actions involving abnormal sexual intercourse and citing *Borolos v. State,* (1924) 194 Ind. 469, 473, 143 N.E. 360 which involved sodomy. More recently this Court has allowed evidence of prior convictions for similar offenses to be admitted as tending to show a depraved sexual instinct when sodomy or incest is charged. *Daniels v. State,* (1980) [274] Ind. [29], 408 N.E.2d 1244; *Cobbs v. State,* (1975) 264 Ind. 60, 338 N.E.2d 632; *Austin v. State,* (1974) 262 Ind. 529, 319 N.E.2d 130. Such similar crimes also often show intent, motive, purpose, identification or a common scheme or plan.

It is true that if these acts occurred, they would have been an offense of statutory rape since the girl was fourteen years old, and that to prosecute that offense would not require a showing that there was any force involved. However, here we must view this evidence in relation to this case. It could be admitted only under acceptable exceptions to the general rule. In that regard it could be admitted only if it could show intent, purpose, motive, identity or common scheme or plan, which it does not. The prejudicial effect of the admission of this testimony is overwhelming."

*Id.,* 412 N.E.2d at 796.

Again in *Daniels v. State* (1980), 274 Ind. 29, 408 N.E.2d 1244, the trial court had allowed evidence of prior sexual conduct. Daniels was charged with rape and confinement and the admitted evidence consisted of a prior rape conviction. The Court held the evidence was properly admitted to impeach the defendant's credibility. However, the Court also addressed a challenged jury instruction which indicated the prior conviction evidence could be considered to determine the defendant's depraved sexual instinct as well as his credibility. In holding the instruction to be in error, albeit harmless, the Court stated:

"... [I]t is true that the language stating that the prior rape conviction could be considered to show a depraved sexual instinct was incorrect under the circumstances of this case where sodomy or incest had not been charged ... [.]" *Id.*, 408 N.E.2d at 1246.

■ These three cases indicate fairly clearly that evidence of prior sexual criminal activity used to show depraved sexual instinct is admissible in prosecutions for sodomy or incest, but not in prosecutions for rape only. In addition, evidence of the prior sexual activity has been permitted in prosecutions for child molesting,

*Brackens v. State* (1985), Ind., 480 N.E.2d 536;

*Jarrett v. State* (1984), Ind., 465 N.E.2d 1097, which prior to 1976 and the addition of IND.CODE § 35–42–4–3 were prosecuted as sodomy or assault.[2] The rationale for the exception to the usual exclusion of the evidence is to bolster the credibility of the prosecuting witness in a situation where the accusations or the acts standing alone seem improbable, or where the acts are crimes *in continuando* in nature and it is highly probable similar acts have occurred before or will occur after. *State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691. These elements are particularly prevalent in cases involving incest, sodomy or child molesting. Thus application of the exception to permit admission of the evidence only in prosecutions for these crimes is understandable. The cases which are relied on by Judge Garrard in his dissenting opinion do not dictate a different conclusion.

In *Austin v. State* (1974), 262 Ind. 529, 319 N.E.2d 130 the defendant was charged with sodomy, rape and kidnapping and the trial court allowed testimony of a similar sexual contact with another victim on the same day as that charged. The Court stated the law generally:

"The general rule in Indiana for the admission of evidence of separate, independent and distinct crimes in establishing the guilt of a defendant is that such evidence is inadmissible except where relevant to show: (1) intent, (2) motive, (3) purpose, (4) identification, (5) common scheme or plan. *Watts v. State* (1950), 229 Ind. 80, 95 N.E.2d 570, and cases there cited.

It has been held, however, that the above rule does not apply where the chief element of the offense is illicit intercourse between the sexes, and that such evidence of prior and subsequent acts is admissible subject to exclusion in the discretion of the trial court remoteness. *State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691."

*Austin, supra,* 319 N.E.2d at 132, and upheld the trial court's decision to allow the evidence. However, *Austin* did involve a sodomy charge and *Robbins, supra,* relied on by the *Austin* court was a prosecution of sodomy only involving a twelve-year-old girl. *Meeks v. State* (1968), 249 Ind. 659, 234 N.E.2d 629, was distinguished in *Austin* and was not applicable to the *Austin* case, or the present case.

In *Watkins v. State* (1984), Ind., 460 N.E.2d 514, the defendant was charged with burglary and attempted rape. The trial court admitted testimony of a separate, independent rape to "help establish appellant's character, modus operandi and intent," and the jury was admonished to consider the evidence only as it related to those factors. Even though the Court states the general rule of exclusion and the exceptions to the rule, the Court then analyzes the similarities in the crime charged and the separate crime revealed and concludes:

"These similarities of conduct are sufficient to support an inference that the same person committed both offenses. The trial court did not err in admitting the testimony of C.G."

*Id.*, at 515.

---

**2.** IND.CODE § 35–1–89–1 proscribing sodomy was repealed by Acts 1976, P.L. 148, SEC. 24; IND.CODE § 35–1–54–4 proscribing fondling with intent to gratify sexual desires was repealed by Acts 1976, P.L. 148, SEC. 24.

Therefore the depraved sexual instinct exception was not relied on in *Watkins* to admit the evidence or to affirm the admission.

*Lawrence v. State* (1984), Ind., 464 N.E.2d 923, involved a prosecution on four counts of child molesting. Evidence of a rape committed by the defendant was admitted and the Supreme Court affirmed the admission pointing out the similarities in aggressive attitude present in both crimes. However, the prosecution was for child molesting not rape.

*Allbritten v. State* (1974), 262 Ind. 452, 317 N.E.2d 854 involved a rape charge, but it was a rape of a four and a half year old. The issue before the Supreme Court involved the propriety of allowing the testimony of a police officer who explained the pre-trial investigation procedures and indicated a mug shot of appellant had been identified by the victim of an earlier rape. The Court simply states the evidence was not impermissibly prejudicial because in such cases evidence of similar prior crimes would be admissible anyway. The Court does not indicate the basis for such admission but makes citation to *Robbins, supra,* involving sodomy of a twelve year old, *Borolas v. State* (1924), 194 Ind. 469, 143 N.E. 360 involving a child molesting prosecution and *The State v. Markins et al.* (1884), 95 Ind. 464, 48 Am.Rep. 733 involving incest.

Finally, Judge Garrard makes citation to *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513. *Knisley* involved the charge of child molesting, the victim being the granddaughter of the defendant's wife. The two aunts of the victim testified, one relating an incestuous relationship with Knisley and one relating a rape by Knisley before she was related to him. Both acts were found to be indicative of a depraved sexual instinct relevant to child molesting, the charged offense. However, the issue on appeal was the permissible scope of cross-examination and rebuttal and use of this evidence during that phase of the trial. Using rather broad and expansive language as to there being an evidentiary exception in "sex crime cases to those acts showing a 'depraved sexual instinct' [citation omitted]," the Court upheld the admission of the evidence to bolster the prosecuting witness's testimony after the defendant denied the allegations.

These cases do not seem to require the interpretation that evidence of prior criminal sexual conduct to show depraved sexual instinct is admissible in all cases involving a prosecution for a sex crime. Such an expansive interpretation is unwarranted and would conflict with the language quoted above from *Cobbs, Montgomery* and *Daniels.* Therefore we hold the evidence of prior criminal sexual conduct was not admissible to show depraved sexual instinct in a case where only rape was being prosecuted.

The State argues that even if the evidence was erroneously admitted, the error was harmless, relying on *Howell v. State* (1980), 274 Ind. 490, 413 N.E.2d 225. However, the present case is not comparable to *Howell.* In *Howell* the evidence admitted was an admission by the defendant to police as to prior accusations against him of conduct similar to what was charged. Thus there was no evidence presented by another victim as to acts committed against her. Also the evidence against Howell, even without consideration of the questionable evidence, was not just substantial but overwhelming. Under such circumstances, admission of the evidence was harmless.

■ In the present case the evidence is far from overwhelming. The determination by the jury depended in large part on the credibility of the witnesses as assessed by the jury. Under such circumstances it is paramount that the defendant be protected from evidence which has only the effect of reflecting unfavorably on his character. *See, Malone, supra.* Allowing this prior acts testimony to be heard by the jury can only have prejudiced the defendant. *Montgomery, supra,* 412 N.E.2d at 796. It placed the defendant in a position of grave peril to which he should not have been subjected. *Duvose v. State* (1971), 257 Ind. 450, 275 N.E.2d 536, 537. The conviction

must therefore be reversed and the case returned to the trial court for a new trial.

■ A new trial is permissible as there was sufficient evidence to sustain the conviction. The uncorroborated testimony of the rape victim alone is sufficient to support the conviction. *Watkins v. State* (1984), Ind., 460 N.E.2d 514. Here the victim positively identified the defendant as the perpetrator.

■ The issue as to admissibility of the polygraph examination evidence will be pertinent to the new trial. The defendant urges that, although the evidence is admissible when stipulated and the same was stipulated here, the evidence was improperly introduced due to the fact the exam was administered on a different date and by a different examiner than stipulated. Defendant cites no case law to support this contention that such a change renders the stipulation nugatory. The stipulation does not indicate the exact person or time to administer the examination. Therefore the polygraph examination was properly admitted.

The conviction is reversed and remanded for a new trial.

Reversed and remanded.

STATON, P.J., concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

I respectfully dissent. If evidence of a depraved sexual instinct is to be admissible in certain offenses as an exception to the rule excluding evidence of prior crimes (and the cases uniformly acknowledge that such an exception exists), then evidence of a prior forcible rape should be admissible in a prosecution for forcible rape.

It seems elementary that if evidence of a depraved sexual instinct is to be relevant to the issues on trial, then both the offense being prosecuted and the prior offense offered as evidence *must* demonstrate or be reflective of such instincts. If they are, then the classic rationale for admissibility is to show the defendant capable of conduct which the jury might otherwise believe to be too improbable to be true. *See State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691.

In *Austin v. State* (1974), 262 Ind. 529, 319 N.E.2d 130, *cert. denied* 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680, the court held in a prosecution for rape and sodomy that evidence the accused previously forcibly raped and sodomized another woman was properly admitted, although in *Meeks v. State* (1968), 249 Ind. 659, 234 N.E.2d 629 the court had excluded evidence of a prior rape where the act of intercourse was admitted and the issue for trial was whether the woman had consented. (Where the only issue is consent, the court has continued to follow *Meeks*. *Brown v. State* (1984), Ind., 459 N.E.2d 376.)

On the other hand, where the accused has denied commission of the sexual offense for which he is on trial, the court has found no error in admitting evidence of a prior forcible rape even though it does not go to establish a common scheme or plan as it did in *Watkins v. State* (1984), Ind., 460 N.E.2d 514. *Lawrence v. State* (1984), Ind., 464 N.E.2d 923 (prosecution for child molesting, evidence of prior rape admissible); *Allbritten v. State* (1974), 262 Ind. 452, 317 N.E.2d 854 (prosecution for rape and kidnapping a child, evidence of prior rape admissible); *cf. Knisley v. State* (1985), Ind.App., 474 N.E.2d 513.

Admittedly, the Indiana decisions have not been very careful in attempting to identify or distinguish how the rule of admissibility applies concerning the various offenses and activities in question. Perhaps in large part this is because the cases themselves tend to consider multiple acts and offenses in this area. I think it is a mistake, however, to conclude that forcible rape has been inadvertently included within the definition of "depraved sexual instinct" offenses.

First of all, if our courts really felt evidence of rape as opposed to sodomy, child molestation, etc. should not be allowed, then that distinction would have found its

way into print at least in a footnote or separate opinion.

More importantly, however, it appears to me that common sense and experience say that forcible rape is such an offense. "Depraved" is ordinarily taken to mean "without moral sense or rectitude." Forcible rape fits not only that definition but the idea it is attempting to reach. *See, e.g., State v. Robbins, supra.*

I would find no error in admitting the evidence in question.

Moreover, Lehiy fails on his other two issues. He challenges the admission of polygraph evidence although he admittedly stipulated to admissibility. Without reference to the terms of the stipulation (which he does not set forth in his argument) he argues the stipulation was voided when the date of the examination and the operator of the polygraph were changed from those originally agreed to. He does not assert nor does the record reflect that he made any objection to these changes when they were made. He has, therefore, waived consideration of the issue.

Also, the evidence was sufficient to sustain the conviction. The judgment should be affirmed.