**Dennis L. REICHARD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1184S443.**

Supreme Court of Indiana.

July 13, 1987.

William R. Clifford, Clifford & Gotshall, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a finding of guilty of Rape, a Class A felony. Appellant was sentenced to a term of thirty (30) years with an additional twenty (20) years for aggravating circumstances.

The facts are: During the early morning of March 29, 1983, appellant drove to T.D.'s apartment and knocked on the door. T.D. answered and escorted appellant to the kitchen so that their conversation would not awaken her two sleeping children. The two had dated since the spring of 1982. Appellant and T.D. exchanged hostile words about her alleged sexual misconduct the previous evening. He then stated that he was going to make love to her. She refused the offer.

While T.D. turned her back to make a glass of iced tea, appellant grabbed her, placed a knife to her throat and forced her into the bedroom where he performed sexual intercourse on her. T.D.'s four-year-old son heard noises and approached the bedroom door. Appellant pointed the knife at the child and ordered him to return to his room or his mother would be hurt. A few minutes later, T.D.'s eight-year-old daughter peeked around the door. T.D. shouted

for her to seek help from their neighbor. Appellant then gathered his clothing, dressed and left the apartment.

Appellant contends the trial court erred by admitting evidence of prior alleged rapes perpetrated by him upon various individuals. Appellant argues that this evidence was irrelevant to any legitimate issue in the cause of action and therefore prejudiced him in the mind of the jury.

Generally, evidence which shows or tends to show guilt in separate, unrelated, independent crimes is not admissible as proof of guilt in the instant case. *Watkins v. State* (1984), Ind., 460 N.E.2d 514. There are certain exceptions to the general rule. Evidence of other criminal activity may be admitted for the purpose of showing intent, motive, purpose, identification, common scheme or plan or a depraved sexual instinct. *Id.* at 515.

The trial court ruled that the prior alleged rapes were admissible under the depraved sexual instinct exception. In its ruling, the trial court consulted *Webster's Dictionary* for a definition of the terms "depraved", "sexual" and "instinct". Based on these definitions, the trial court concluded that rape is an unnatural act which involves a depraved sexual instinct.

Sodomy has been defined as "depraved sexual instinct." *Miller v. State* (1971), 256 Ind. 296, 268 N.E.2d 299. Sexual conduct against children is depraved conduct. *Brackens v. State* (1985), Ind., 480 N.E.2d 536. Incest is depraved conduct. *Woods v. State* (1968), 250 Ind. 132, 235 N.E.2d 479. However, the trial court incorrectly categorized rape of an adult woman as depraved sexual conduct. *See Lehiy v. State* (1986), Ind.App., 501 N.E.2d 451.

In the present situation, the prior offenses did not involve depraved sexual conduct; therefore, the depraved sexual instinct exception is inapplicable.

Appellant maintains that evidence of prior alleged rapes under the common scheme or plan exception is inadmissible when consent is the only material issue in dispute. *Malone v. State* (1982), Ind., 441

N.E.2d 1339; *Jenkins v. State* (1985), Ind., 474 N.E.2d 84. The majority of this Court holds that the evidence of the prior rapes was inadmissible. The author of this opinion would distinguish *Malone* and *Jenkins* and hold the evidence admissible.

Appellant next contends the trial court erred when it permitted Brenda Turnbloom to give expert testimony regarding the psychodynamics of rape. Appellant argues that Turnbloom's testimony invaded the province of the jury, in that it presented an expert opinion in an area where the jurors were as well qualified to form conclusions.

The trial court has wide latitude in ruling on the admissibility of evidence and its decision will be reversed only for an abuse of discretion. *United Farm Bureau Mut. Ins. Co. v. Cook* (1984), Ind.App., 463 N.E.2d 522.

The trial court was presented sufficient evidence which demonstrated that Turnbloom had the education and experience in the field of sexual abuse to qualify as an expert.

■ Expert testimony is inappropriate and may be excluded from evidence when it concerns matters within the common knowledge and experience of ordinary persons and which the jury may determine as well as the expert. *Summers v. State* (1986), Ind.App., 495 N.E.2d 799. The average layman is familiar with the crime of rape and its emotional and behavioral after effects. We therefore find that the trial court abused its discretion by adjudging the subject of rape beyond the knowledge and expertise of the average juror.

Appellant next contends the trial court abused its discretion by permitting Turnbloom to testify as to appellant's intent to commit forcible sexual intercourse.

■ The question of a person's intent at the time of the commission of a crime, not related to an issue of insanity, is a question of fact for the jury and not a proper subject for expertise. *Schlacter v. State* (1984), Ind., 466 N.E.2d 1; *Simpson v. State* (1978), 269 Ind. 495, 381 N.E.2d 1229. We agree with appellant that the trial court erred in ruling that Turnbloom could testify for that purpose.

■ However, the record demonstrates that Turnbloom did not testify as to appellant's intent to commit the crime; therefore, appellant's substantive rights were not prejudiced by the trial court's ruling. There is no reversible error. *Wisehart v. State* (1985), Ind., 484 N.E.2d 949.

■ Appellant next argues the trial court erred by allowing Turnbloom to express an opinion as to what category of rapist appellant would fall into based upon facts embraced in the prosecutor's hypothetical question.

During direct examination of Turnbloom, the prosecutor summarized the testimony of D.G., J.T., M.A. and T.D. and stated: "Assuming those facts, do you have an opinion as to the type rapist, if any, the defendant is?" Turnbloom replied affirmatively and stated: "In my opinion, those examples that you cited have the dynamics of what would be a power rape situation."

The trial court has wide discretion in controlling the use of hypothetical questions as a means of eliciting expert opinions. *Heald v. State* (1986), Ind., 492 N.E.2d 671.

We find the trial court abused its discretion by allowing Turnbloom to express an opinion upon the prosecutor's hypothetical question. The hypothetical question was phrased in a manner that categorized appellant as a rapist in the mind of the jury. Moreover, there was no issue as to the type of rapist appellant might be. The sole issue for the jury was whether or not there was a rape.

■ Appellant next contends the trial court abused its discretion by prohibiting appellant to testify as to the victim's prior suicide attempt.

Appellant's failure to present any citations of authority in support of this contention constitutes waiver of the alleged error. Ind.R.App.P. 8.3 (A)(7); *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73. However, we note that such evidence would be entirely irrelevant to the issues at trial.

Appellant contends the trial court erred by permitting two alternate jurors to retire with the jury during deliberations.

An alternate juror may, at the discretion of the trial court, accompany the original twelve jurors to the jury room during deliberations so long as the court properly instructs him that he is not to participate in deliberations unless it becomes necessary for him to replace one of the original jurors. *Johnson v. State* (1977), 267 Ind. 256, 369 N.E.2d 623, *cert. denied* (1978), 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791.

In the instant case, the trial court followed the dictates of *Johnson* by instructing the alternate jurors not to communicate with the members of the jury concerning the deliberations. In addition, a certificate indicating that the alternate jurors complied with the instruction was executed by the jury foreman at the conclusion of the deliberations.

It was not error for the alternate jurors to accompany the original twelve jurors when they entered upon their deliberations.

Appellant next contends that his sentence of fifty (50) years is excessive and therefore constitutes cruel and unusual punishment.

It is within the discretion of the trial court to increase or decrease a sentence according to aggravating or mitigating circumstances. *Jones v. State* (1981), Ind., 422 N.E.2d 1197.

The sentence in the case at bar was within the statutory limits and was imposed after the trial court had given full consideration to the presentence report and found that no mitigating factors existed. The aggravating circumstances found by the trial judge were sufficiently detailed to justify an enhanced sentence. The trial court found as aggravating circumstances that appellant is likely to commit another crime within a short period of time, that he is in need of correctional and rehabilitative treatment and that imposition of a reduced sentence would depreciate the seriousness of the crime. The trial court also noted that a deadly weapon was used in the perpetration of the crime. Moreover, a reasonable person could find appellant's sentence appropriate in light of his past history of criminal behavior and the nature of the offense. We find no abuse of discretion on the part of the trial court in the imposition of the sentence in this case.

Finally, appellant contends the trial court erred by denying his petition to modify sentence without holding a hearing.

Appellant's contention is without merit. The requirements for notice and hearing of a petition for reduction or suspension of sentence are imposed only when the trial court has made a preliminary determination to suspend or reduce the sentence. Ind. Code § 35–4.1–4–18 (repealed and recodified as Ind. Code § 35–38–1–17); *Ames v. State* (1984), Ind.App., 471 N.E.2d 327. The trial court properly denied appellant's petition without holding a hearing. There is no error.

For the above reasons, we reverse the judgment of the trial court and remand this cause for a new trial.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result.