**Richard R. AMBURN, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 23A01-8903-CR-74.

Court of Appeals of Indiana,
First District.

Nov. 15, 1989.

Mark A. Greenwell, Newport, for appellant.

Linley E. Pearson, Atty. Gen. and Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Richard Amburn appeals his conviction of child molesting, a Class D felony.

We reverse.

The evidence tending to favor the verdict showed that Amburn, a school bus driver, was en route to a high school basketball game with the victim, thirteen-year-old A.D. as his only passenger. A.D. had asked Amburn to take her back to the school when it appeared that A.D.'s mother had not yet arrived home to take A.D. Amburn stopped at his house, telling A.D. he needed to change clothes before the game.

Before going inside, Amburn asked A.D. whether she would prefer to wait inside the house, since it was cold outside and he had turned the ignition off. A.D. declined, saying she would study on the bus until he returned. After Amburn walked to the back of the bus to pick up trash, he returned to the front, where A.D. was seated, and asked her again if she wanted to come inside the house. Again she said no. Then Amburn, still turned toward A.D., but looking toward his house, touched A.D. on the area just above her breasts. He withdrew his hand momentarily, then put his hand on her right breast and squeezed hard. Amburn touched A.D. outside her shirt but inside the windbreaker-type jacket she was wearing. Neither Amburn nor A.D. said anything during the event, and after touching A.D. the second time, Amburn exited the bus and went inside to change clothes. When he returned to the bus, nothing was said about the occurrence, and Amburn drove A.D. to school without further incident.

The admission at trial of testimony regarding Amburn's prior sexual misconduct is the only error on which this appeal is based.

The questioned evidence was the testimony of three women who related that Amburn had suddenly touched them on the breast or in the area of the crotch, in the same fleeting manner which characterized Amburn's touching of A.D. C.H. was twenty-two and married when Amburn, who worked with C.H.'s husband, came to her house, struck up a conversation, then while talking suddenly squeezed her breast. He commented "that felt nice" and asked her 5 times to kiss him. C.H. declined and Amburn left the house.

Y.D. was aged 16 and married when Amburn and a companion stopped their car to

help Y.D. start her stalled truck. Y.D. was acquainted with Amburn and recognized him. While Amburn's companion was looking under the hood, Amburn reached into the truck where Y.D. sat and thrust his hand inside Y.D.'s halter top, and with his other hand, felt her crotch area. Amburn said nothing, and Y.D. drove away once the truck was started.

J.B., age 16 at the time of the incident was a family babysitter. Amburn was driving her to the house to watch his children for the evening when he began touching her breast and crotch, and offering to "take away her virginity."

A.D. and the three witnesses readily identified Amburn at trial. Amburn's counsel voiced a continuing objection to the testimony of the three women about past bad acts involving Amburn, but the trial court overruled the objection and admitted it. The court's final instructions to the jury included one limiting the jury's consideration of the evidence to show Amburn's depraved sexual instinct.

■ This was error. Generally, evidence which shows or tends to show guilt of separate, unrelated, independent crimes is not admissible as proof of guilt in the instant case. However, evidence of other criminal activity may be admitted for the purpose of showing intent, motive, purpose, identification, common scheme or plan or a depraved sexual instinct. *Lehiy v. State* (1986) Ind.App., 501 N.E.2d 451, *aff'd*, 509 N.E.2d 1116.

The supreme court's decision in *Reichard v. State* (1987), Ind., 510 N.E.2d 163 compels our conclusion that Amburn's acts against the witnesses did not exhibit a depraved sexual instinct. In Indiana, sodomy, incest, and sexual conduct against children show a depraved sexual instinct. *Id.*, *Lehiy, supra*. The supreme court does not consider rape of an adult woman as depraved sexual conduct.[1] *Reichard, supra*. In the instant case, the prior acts were perpetrated in two instances against women who were 16 at the time of the acts, and one of those was married. The other witness was 22. If we draw the line where the legislature has, the acts against the witnesses were not child molesting. IND. CODE 35-42-4-3. As despicable as Amburn's conduct was, we cannot conclude that the act of touching women's breasts was depraved, assuming it is not a depraved act to rape an adult woman. Therefore, we hold that the evidence was not admissible under the exception for acts showing a depraved sexual instinct.

■ The evidence need not have been excluded, however, because it was relevant to show Amburn's specific intent, an element of the crime of child molesting. I.C. 35-42-4-3(b), (d). Intent to satisfy sexual desires is usually inferred from all the circumstances surrounding the touching. *Dougherty v. State* (1983), Ind.App., 451 N.E.2d 382. In the case of Amburn's touching of A.D., that inference may not have been so easily drawn, where the contact was so fleeting, was outside A.D.'s shirt, and was not preceded or followed by any comments of a sexual nature. The question of Amburn's intent was squarely in issue. Consequently, the similar touchings by Amburn of the three women, which were accompanied by Amburn's suggesting further sexual conduct, or in the case of Y.D., involved a direct touching of her breast, were relevant to show that Amburn possessed the requisite intent to satisfy his sexual desires when he touched A.D.

■ Ordinarily, the decision of the trial court to admit evidence can be sustained if the evidence is admissible on any valid ground, even if the trial court admitted it

1. The dissent correctly distinguishes *Reichard* and *Lehiy* from the instant case in which the offense under prosecution, child molesting, is one for which past acts showing defendant's depraved sexual instinct generally have been admissible. Nevertheless, the language in *Reichard* is unmistakable:

"In the present situation, the *prior offenses* [rape] did not involve depraved sexual instinct; therefore, the depraved sexual instinct exception is inapplicable."

*Reichard, supra* at 165 (emphasis supplied).

Hence, we conclude the supreme court was unwilling to draw a distinction between those cases in which rape is the charged offense and those in which rape is a prior offense; in either situation, rape does not involve depraved sexual instinct.

for the wrong reason. *Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, *cert. denied,* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. However, the trial court here instructed the jury to consider the evidence of past sexual conduct only as evidence of depraved sexual instinct. We must assume the jury considered the evidence in conformance with the instruction. *Cf. Jethroe v. State* (1974), 262 Ind. 505, 319 N.E.2d 133, 138. The State cannot assert an alternate limited use of the testimony on appeal under these circumstances. *Id.*

Because the evidence was inadmissible to show depraved sexual instinct, and the jury was instructed to consider it for that purpose, we must reverse.

Reversed and remanded for a new trial.

CONOVER, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent.

The majority relies on *Reichard v. State* (1987), Ind., 510 N.E.2d 163, for the proposition that rape of an adult woman is not depraved sexual conduct. The supreme court in *Reichard* derived this proposition from the decision in *Lehiy v. State* (1986), Ind.App., 501 N.E.2d 451. The factual situations in *Reichard* and *Lehiy* were strikingly similar. Both cases involved a rape prosecution wherein evidence of prior rapes was introduced by the trial court under the depraved sexual instinct exception. The trial court was reversed on appeal, however, based on the premise that because the crime of rape does not involve depraved sexual conduct, the exception did not apply.

In *Lehiy, supra,* the court held "the evidence of prior criminal sexual conduct was not admissible to show depraved sexual instinct in a case where *only rape was being prosecuted.*" *Id.* at 456 (emphasis added). This holding was based on several cases where evidence of prior criminal sexual conduct was admitted in *prosecutions* involving incest, sodomy and child molesting. Most significant to the case at bar are *Lawrence v. State* (1984), Ind., 464 N.E.2d 923 (evidence of prior rape admissible in

prosecution for child molesting); *Allbritten v. State* (1974), 262 Ind. 452, 317 N.E.2d 854 (police officer's testimony regarding prior rape victim's identification of defendant admissible in prosecution for rape of a four-and-a-half-year-old); *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513 (evidence of prior incest and prior rape admissible in child molesting prosecution).

According to *Lehiy, supra,* and the cases cited therein, the inquiry is not, as the majority asserts, whether the *prior* acts evidenced a depraved sexual instinct. Rather, the focus of the depraved sexual instinct exception is on whether the charge *being prosecuted* involves a depraved sexual instinct. The purpose of the exception is to bolster the credibility of the prosecuting witness in a situation where the accusations or the acts standing alone seem improbable. *Id.*

In the case before us, the charge being prosecuted is child molesting which, as is well established, involves a depraved sexual instinct. Accordingly, evidence of Amburn's prior criminal sexual conduct is admissible in *this prosecution* under the depraved sexual instinct exception. To the extent the majority interprets *Reichard* to bring about a contrary result, I dissent. I would affirm the trial court's admission of the testimony.